IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal Action No. 3:10-CR-040-D(4) |
| | § | |
| VS. | § | |
| | § | |
| TYRONE WEATHERALL, #39717-177, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court construes defendant Tyrone Weatherall's ("Weatherall's") June 14, 2012 motion pursuant to Rule 15(c) as a Fed. R. Civ. P. 60(b) motion, and it denies the motion for the following reasons.

On August 20, 2010 Weatherall pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Punishment was assessed at 262 months in prison, followed by a five-year term of supervised release. As part of his plea agreement, Weatherall waived his right to appeal and to seek post-conviction relief (with limited exceptions). He did appeal, however, and the appeal was dismissed. *See United States v. Weatherall*, No. 10-11184 (5th Cir. Aug. 16, 2011) (per curiam) (order).

Weatherall then challenged his sentence by way of a petition for writ of error *audita querela*. The court construed the pleading as a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255, permitted Weatherall to withdraw or supplement his pleadings, and subsequently denied relief. *See United States v. Weatherall*, 2012 WL 1033481 (N.D. Tex. Feb. 6, 2012), *rec. adopted*, 2012 WL 1037443 (N.D. Tex. Mar. 28, 2012) (Fitzwater, C.J.).

Weatherall now seeks relief under Rule 15(c), alleging that the court should permit him to raise *Apprendi* error. Rule 15 governs amended and supplemental pleadings, and the law is clear that Rule 15 applies to amendments of § 2255 motions. *See United States v. Saenz,* 282 F.3d 354, 356 (5th Cir. 2002). Under Rule 15, a district court has the discretion to permit an amendment that clarifies or amplifies a claim or theory in a timely-filed § 2255 petition. When a district court dismisses an action and enters a final judgment, however, a plaintiff can request leave to amend only by appealing the judgment or seeking to alter or reopen the judgment under Rule 59 or 60. *See Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003). Here, final judgment on Weatherall's § 2255 motion was entered on March 28, 2012. Weatherall filed the instant motion on June 14, 2012. Therefore, Rule 60(b) governs Weatherall's present motion.

Under Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

In his motion, Weatherall appears to allege that his sentence violates *Apprendi* because the

indictment did not charge him with the drug amount for which he was eventually held responsible. Accordingly, he urges that his sentence was void and must be vacated. The court disagrees. The indictment charged that Weatherall and others conspired to distribute and possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base. Even with retroactive application of the more lenient statutory maximum sentence under the Fair Sentencing Act of 2010 to defendants whose crimes preceded August 3, 2010, but who were sentenced after that date, *see Dorsey v. United States*, ___ S.Ct. ___, 2012 WL 2344463 at *9 (2012) (applying more lenient statutory minimum sentences), Weatherall would have faced a statutory penalty of not more than 40 years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii). His sentence of 262 months did not exceed that statutory maximum. Accordingly, Weatherall has not established any of the "extraordinary circumstances" required for relief under Rule 60, and his motion must be denied.

**SO ORDERED**.

July 3, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE